UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CV-672-MR

| VICKIE SUE HONEYCUTT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF DECISION AND ORDER** |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 8] and the Defendant's Motion for Summary Judgment [Doc. 11].

## I. PROCEDURAL BACKGROUND

The Plaintiff, Vickie Sue Honeycutt ("Plaintiff"), asserts that her status post left ankle fracture and bipolar disorder with anxiety constitute mental and physical impairments under the Social Security Act (the "Act") rendering her disabled. On January 29, 2014, the Plaintiff filed an application for disability insurance benefits under Title II and Title XVIII of the Act, alleging an onset date of August 1, 2012. [Transcript ("T.") at 222]. The Plaintiff's

application was denied initially and upon reconsideration. [T. at 149, 158]. Upon Plaintiff's request, a hearing was held on October 18, 2016, before an Administrative Law Judge ("ALJ"). [T. at 68-101]. Present at the hearing were the Plaintiff, the Plaintiff's non-attorney representative, and a vocational expert ("VE"). [T. at 20, 68]. On December 28, 2016, the ALJ issued a decision, wherein the ALJ concluded that the Plaintiff was not disabled. [T. at 20-32]. On September 20, 2017, the Appeals Council denied the Plaintiff's request for review [T. at 1], thereby making the ALJ's decision the final decision of the Commissioner. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird

v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

3

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Social Security Administration regulations set out a detailed five-step process for reviewing applications for disability.  20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015).  "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps."  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted).  The burden is on the claimant to make the requisite showing at the first four steps.  Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity.  If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant.  Id. (citing 20 C.F.R. § 416.920).  If not, the case progresses to step two, where the claimant must show a severe impairment.  If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled.  Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P.  If so, the

4

claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds

in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity from her alleged onset date, June 23, 2012, through her date last insured, March 31, 2014. [T. at 23]. At step two, the ALJ found that the Plaintiff has severe impairments including status post left ankle fracture and bipolar disorder with anxiety. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) except no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing; limited to simple, routine, repetitive tasks with one, two, or three step directions; no high production jobs; only occasional interaction with the public.

[Id. at 25].

At step four, the ALJ identified Plaintiff's past relevant work as a merchandiser, administrative clerk, and production manager. [Id. at 30]. The

ALJ observed that "[t]he mental demands of the claimant's past relevant work exceed the residual functional capacity" and the claimant is therefore "unable to perform past relevant work." [Id.]. At step five, based on the testimony of the VE, the ALJ concluded, considering the claimant's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that the Plaintiff can perform, including day worker, camp ground attendant, and laundry worker. [Id. at 31]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act at any time from August 1, 2012, the alleged date of onset, through March 31, 2014, the date last insured. [Id.].

## V. DISCUSSION[1]

In this appeal, the Plaintiff presents four assignments of error as grounds for reversal of the ALJ's decision. First, Plaintiff argues the ALJ erred in failing to give "good reasons" for rejecting the opinions of one of Plaintiff's treating physicians. [Doc. 9 at 4]. Second, Plaintiff contends the ALJ failed to provide a complete function-by-function analysis of Plaintiff's nonexertional mental functions associated with Plaintiff's difficulties in the broad areas of functioning. [Id.]. Third, Plaintiff argues that the ALJ erred in

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

failing to explain the basis for his finding that Plaintiff is capable of medium level work on a sustained basis. [Id.]. Fourth, Plaintiff asserts that the ALJ erred in formulating the RFC assessment by failing to provide a complete function-by-function analysis of Plaintiff's exertional work-related activities. [Id.]. The Plaintiff argues these errors require remand. The Defendant, on the other hand, contends the ALJ's decision was supported by substantial evidence and reached based on the application of the correct legal standards. [Doc. 13 at 3]. The Court turns to Plaintiff's first assignment of error.

Plaintiff argues that the ALJ erred in rejecting and assigning "no weight" to the opinions of Plaintiff's treating physician, Dr. Richard T. Wynn, M.D., without giving good reasons. In making disability determinations, the Regulations require ALJs to consider all medical opinions of record, regardless of their source. 20 C.F.R. §§ 404.1527(c), 416.927(c); 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); SSR 06-03p (The ALJ must "consider all of the available evidence in the individual's case record in every case."). "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical

source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p.

Furthermore, the ALJ must always give "good reasons" in his decision "for the weight given to a treating source's medical opinion(s), i.e., an opinion(s) on the nature and severity of an individual's impairment(s)." SSR 96-2P. Furthermore, for treating source opinions:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, <u>supported by the evidence in the case record</u>, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Id. (emphasis added). Generally speaking, more weight will be given to an opinion of a medical source who has examined the claimant than to a non-examining source. 20 C.F.R. § 404.1527(c). Further, more weight will generally be given to opinions from a claimant's treating sources than from sources rendering an opinion based upon a single or limited examination of a claimant. Id.

Dr. Wynn is a specialist in the field of family medicine. At the time of providing his opinions in 2012, Dr. Wynn had been treating the Plaintiff for over two years, seeing her approximately five times per year. [T. at 344, 548, 550, 554, 557, 562, 564, 570, & 572]. Dr. Wynn examined the Plaintiff

9

on the day he provided the statement at issue, September 6, 2012. In this statement, Dr. Wynn stated:

> I understand that medium work requires the ability to stand or walk six hours of an eight-hour shift, the ability to frequently lift or carry up to twenty-five pounds, the ability to occasionally lift or carry up to fifty pounds, and the ability to push or pull arm or leg controls. <u>In my opinion, the claimant is unable to perform medium work on a sustained basis</u> (i.e., eight hours per day, five days per week).
>
> The reasons for my opinion are: She is being treated for severe orthopedic problems that limit her ability to do any sort of physical or mobile work. She has been diagnosed with ankle arthrosis, chondromalacia, osteoarthritis with pain in her hips primarily.

[Doc. 6-1 at 670]. The ALJ gave "no weight" to Dr. Wynn's opinions. [T. at 28]. As a purported basis for assigning this medical source opinion no weight, the ALJ provides, "it was prepared more than two years after the date last insured. There is no indication that the response applied during the period in question." [Id.]. This assessment is simply incorrect. While the date on the medical source statement is handwritten, it is evident that it is dated "9/6/12," not 9/6/16, as the ALJ concluded. Accordingly, the ALJ's conclusion that the statement was "prepared more than two years after the date last insured" (March 31, 2014) is wrong. [Id.]. The statement was

10

prepared one month after Plaintiff's alleged onset date and over 18 months before the date last insured.

The ALJ also bases his decision to ascribe no weight to Dr. Wynn's opinion on the fact that it "is not helpful." [Id.]. The ALJ reasoned, without citation to any supportive record evidence, that:

> Instead of describing the claimant's maximum abilities, Dr. Wynn just said that the claimant cannot do medium work, noting that the claimant has "several orthopedic problems that limit her ability to do any part [*sic*] of physical or mobile work." Dr. Wynn noted the claimant's diagnoses of ankle arthrosis, chondromalacia, and osteoarthritis with pain in her hips. This is not consistent with the evidence as a whole, including Dr. Wynn's treatment records. As noted above, the claimant's records have carried these diagnoses for many years even though the claimant has had no acute complaints related to these conditions since before the alleged onset date. Further, Dr. Wynn's response is inconsistent with the claimant's activities of daily living.

[Id. at 28-9].

In short, the ALJ failed to satisfy Rule 96-2P by failing to provide good, specific reasons with citation to the record evidence in his decision for the weight he ascribed to Dr. Wynn's opinions. He failed to explain why Dr. Wynn's opinion that Plaintiff could not perform medium work without also describing Plaintiff's maximum abilities is somehow inherently unhelpful. While the ALJ concluded that the Plaintiff's orthopedic diagnoses were

11

inconsistent with the evidence as a whole and with Dr. Wynn's treatment records, the ALJ cited to no inconsistent record evidence. Finally, the ALJ failed to explain or to cite to any record evidence in support of his statement that Dr. Wynn's opinions are inconsistent with Plaintiff's activities of daily living. As such, the ALJ's conclusion regarding the weight of Dr. Wynn's medical opinions was not supported by substantial evidence.

In light of this decision, Plaintiff's other assignments of error need not be addressed but may be addressed by her on remand.

## VI. CONCLUSION

For the reasons stated, remand is required. On remand, the ALJ shall properly weigh all medical opinions, including but not limited to the medical opinions of Plaintiff's treating physician, Dr. Wynn, as more fully set forth in this opinion and in accordance with Rule 96-2P.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 8] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 11] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for

further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS ORDERED.**

Signed: November 9, 2018

Martin Reidinger
United States District Judge